**Charles Edward FRANKLIN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 34811.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 16, 1973.

Armstrong, Teasdale, Kramer & Vaughan, Larry B. Luber, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, James Darst, Asst. Circuit Atty., St. Louis, for respondent.

McMILLIAN, Judge.

This is an appeal from an Order overruling an Amended Motion to withdraw two pleas of guilty, Rule 27.25, V.A.M.R., and to vacate judgment and sentence entered thereon, Rule 27.26, V.A.M.R., following an evidentiary hearing before the trial court.

Movant pleaded guilty to robbery in the first degree with a dangerous and deadly weapon, and to murder in the second de-

gree on 30 January 1969. Thereafter, the court sentenced movant to two concurrent sentences of 15 years each in the custody of the Department of Corrections.

Movant's Amended Motion alleged that (1) the court erred in denying his writ of habeas corpus ad testificandum, and (2) the court erred in overruling his motion because assigned counsel ineffectively represented him at the time his pleas of guilty were entered. At the evidentiary hearing movant candidly testified that at the time of his pleas he acknowledged his guilt, that both pleas were made voluntarily, and that he received neither promises nor threats as an inducement for either plea. He further testified that at the time his pleas were entered he knew that the prosecutors would recommend the concurrent fifteen year sentences.

Movant filed a writ of habeas corpus ad testificandum to have the custodian of the Department of Corrections to produce Kenneth Rayford. He claimed that Rayford would testify that on the day of the robbery and murder, he, movant, was in Kansas City, Missouri. He also claimed that prior to the entry of his pleas of guilty he had given the name of Rayford to his attorney. After the hearing the court made extensive findings of facts. It found that the Public Defender's office not only adequately represented movant, but also that movant never gave the name of Rayford or any other witnesses to his attorney. The trial court concluded that movant failed to sustain the burden of proof necessary to entitle him to any affirmative relief, State v. Brown, 449 S.W. 2d 664 (Mo.1970), and quite properly denied movant's petition.

We have examined the transcript of the evidentiary hearing pursuant to Rule 27.26, V.A.M.R., and believe that (1) this case has no precedential value and (2) there is evidence to support the findings and conclusion of the trial court and they are clearly not erroneous, Rule 27.26(j), V.A. M.R.

The judgment is affirmed.

SMITH, P. J., and CLEMENS, J., concur.